BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone: (949) 831-6611
Facsimile:  (949) 831-6622

CADDEN & FULLER LLP
Thomas H. Cadden (CA SBN 122299)
tcadden@caddenfuller.com
114 Pacifica, Suite 450
Irvine, CA 92618
Telephone:  (949) 416-0245
Facsimile:   (949) 450-0650

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA 92121-9109
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

*Attorneys for Defendant Delux Public Charter, LLC,
a Delaware limited liability company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| AVIATION CONSULTANTS, INC., a California corporation, dba ACI JET,<br><br>Plaintiff,<br><br>v.<br><br>DELUX PUBLIC CHARTER, LLC, a Delaware limited liability company; DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.  8:21-cv-96<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>[Superior Court of the State of California, County of Orange, Case No. 30-2021-01176849-CU-UD-CJC]<br><br>[Filed concurrently with Civil Case Cover Sheet; Declaration of William V. O'Connor; Declaration of Alex Wilcox; and Certification and Notice of Interested Parties]<br><br>Complaint filed: January 4, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT:**

**PLEASE TAKE NOTICE** that Defendant Delux Public Charter, LLC, ("Defendant") hereby removes the action entitled *Aviation Consultants, Inc., a California corporation, dba ACI Jet v. Delux Public Charter, LLC, a Delaware limited liability company; DOES 1 through 10, Inclusive,* case number 30-2021-01176849-CU-UD-CJC, pending in the Superior Court of the State of California, County of Orange (the "State Court Action") to the United States District Court for the Central District of California.  The State Court Action is removed on the basis of diversity jurisdiction under §§ 1332, 1441, and 1446, because this matter is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

As grounds for removal, Defendant respectfully states as follows:

1.      On January 4, 2021, Plaintiff served Defendant with a summons and complaint in the State Court Action ("Complaint"), a true and correct conformed copy of which is attached to the Declaration of William V. O'Connor, filed simultaneously with this notice of removal, as Exhibit A.  (*See* Declaration of William V. O'Connor In Support of Removal ("O'Connor Decl."), ¶ 2, Ex. A (Complaint).)   True and correct copies of the other contents of the State Court Action case file are attached to the O'Connor Declaration as Exhibit B.  (O'Connor Decl. ¶ 3, Ex. B.)  Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B attached to the O'Connor Declaration constitute all process, pleadings, and orders served upon or by Defendant in the State Court Action.  (O'Connor Decl. ¶ 4.)

2.      The State Court Action was filed on January 4, 2021, in the Superior Court of the State of California, County of Orange, styled and captioned exactly as above, and assigned Case No. 30-2021-01176849-CU-UD-CJC.  (O'Connor Decl. ¶ 5.)  The Complaint identifies Delux Public Charter, LLC as the named defendant and 10 Doe defendants.  Delux Public Charter, LLC is informed and believes that none of the unidentified Doe defendants has been served in this matter.  (O'Connor

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Decl. ¶ 6.)  No other pleadings or papers have been filed in the State Court Action.

3.     The Complaint includes one cause of action: Unlawful Detainer. (O'Connor Decl., ¶ 13, Ex. A.)

**TIMELINESS OF REMOVAL**

4.     This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure because it is filed within thirty days after service of the Complaint was first made on Defendant.

5.     Defendant will give Plaintiff written notice as required by 28 U.S.C. § 1446(d) by serving Plaintiff, through its counsel of record, with this Notice of Removal and all documents filed in support thereof and concurrently herewith on the date of filing of this Notice of Removal.  (O'Connor Decl. ¶ 7.)

6.     Defendant will promptly file the appropriate notice of this notice of removal with the clerk of the court in which the State Court Action is pending. (O'Connor Decl. ¶ 8.)

**VENUE**

7.     Venue is proper in this Court because this is the Court of the District embracing the place—the County of Orange, California—where the State Court Action is pending. 28 U.S.C. §§ 1441(a), 1391, 84(c)(3).

**BASIS FOR REMOVAL**

8.     This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a), and it may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states wherein no defendant is a citizen of the state in which the action is brought and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.     Complete diversity of citizenship exists.  Defendant is informed and believes that Plaintiff is, and at all times material hereto was, incorporated under the laws of the State of California and has its principal place of business in the State of California.  (O'Connor Decl., ¶ 9, Ex. A.)  Plaintiff is thus a citizen of California.

10.     Defendant Delux Public Charter, LLC, is a sole-member limited liability company.  (O'Connor Decl., ¶ 10; Wilcox Decl. ¶ 2.)   Delux Public Charter's sole member is JetSuiteX, Inc.  (O'Connor Decl., ¶ 11; Wilcox Decl. ¶ 3.)  JetSuiteX, Inc., is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Texas.  (O'Connor Decl., ¶ 12; Wilcox Decl. ¶ 4.)  Defendant Delux Public Charter, LLC, is thus a citizen of Texas and Delaware.  28 U.S.C. § 1332(c)(1).

11.     Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998).  Diversity of citizenship therefore exists because the defendant is a citizen of the state in which the action is pending.

12.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.   Plaintiff's claim is in excess of $75,000 in damages.  In the Complaint, Plaintiff seeks: (1) "restitution of the Premises and a declaration that the License be forfeited;" (2) "damages at the rate of $282.35 per day on and after January 1, 2020, and for each and every day thereafter that defendants, and each of them, remain in possession of the Premises;" (3) "reasonable attorney's fees;" (4) "costs of suit incurred herein;" and (5) "such other and further relief as the court deems just and proper."  (*See* O'Connor Decl., ¶ 14, Ex. A (p. 3, ¶¶ 1-5 ).)  Based on the allegations in the Complaint, the amount in controversy exceeds $75,000 because it constitutes the following categories of damages, fees, and/or costs:

(a)     By seeking injunctive and declaratory relief regarding the Premises and License, in addition to monetary damages, Plaintiff puts the value of the object of the litigation at issue—here, the pecuniary results of eviction of the use of the Premises and the value of the License. (*See id*.)  The cost of injunctive relief must be assessed when evaluating the amount in controversy.  *See In re Ford Motor*

*Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001).  "Generally, '[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.'  However, where the initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy."  *Silverstein v. Keynetics, Inc*., 2018 WL 5795776, at *2 (C.D. Cal. Nov. 5, 2018) (citing 28 U.S.C. § 1446(c)(2)).  "Courts in the Ninth Circuit apply the 'either viewpoint' rule to determine the amount in controversy. Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.* (internal citations and quotation marks omitted).

Here, Plaintiff seeks injunctive relief to evict Defendant from the property and to declare the License invalid and forfeited. Defendant Delux Public Charter had previously been repeatedly assured by Plaintiff of at least a two-year "transition period" extension of the existing License Agreement by ACI Jet, a license and related ancillary services that would generate approximately **$8 million** for ACI during such transition period, based on historical financials.  (Wilcox Decl. ¶ 7-8.) If ACI Jet is permitted to back out of its promise and cancel the License Agreement—which is what it seeks to do in this lawsuit—then Defendant could lose approximately **35% of its revenue** as it may not be able to operate flights to and from John Wayne Airport (currently, ACI Jet is the only venue where Defendant's services are permitted at the John Wayne Airport).  (Wilcox Decl. ¶ 9.)  Indeed, Defendant Delux Public Charter reasonably relied on ACI Jet's promise (*e.g*., sold tickets on aircraft that would board or deplane at ACI Jet's facilities).  The requested declaratory and injunctive relief is highly valuable and, standing alone, places the amount in controversy well above $75,000.

(b)     Beyond the damages discussed above, the amount-in-controversy threshold consists of both current and future damages.  *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417–18 (9th Cir. 2018) ("That the amount in controversy is

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1
2
3

assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."). As the Ninth Circuit has explained:

4
5
6
7
8
9
10
11

> When we say that the amount in controversy is assessed at the time of removal, we mean that we consider damages that are claimed at the time the case is removed by the defendant. So, for example, if a plaintiff files a complaint in state court and voluntarily dismisses a claim before removal, any relief that might have been awarded on the dismissed claim will not be included in the amount in controversy. Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.

12
13

*Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938)).

14
15
16
17

Plaintiff has facially claimed "damages at the rate of $282.35 per day on and after January 1, 2020, and for each and every day thereafter that defendants, and each of them, remain in possession of the Premises," which amounts to $104,187.15 in damages as of the date of the filing, January 4, 2021. (O'Connor Decl. ¶ 15.)

18
19
20
21
22
23
24

It is clear, however, that Plaintiff is seeking unpaid rent damages of $282.35 per day from January 1, 2021 and going forward—not January 1, 2020. (*Id.*) But even if this Court only looks to future damages from the date on which the Complaint was filed (meaning it starts calculating damages as of January 4, 2021), Plaintiffs' damages would reach the $75,000 threshold by September 28, 2021, only nine months into the two year transition period promised to Defendant by Plaintiff. (*Id.*)

25
26
27
28

(c)     Finally, in addition to the two categories of damages discussed above, Plaintiff's claims for attorneys' fees are also properly considered when determining whether the amount of controversy meets the jurisdictional threshold. *See Galt G/S*

*v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract."); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002) (stating that unspecified attorneys' fees may be included in determining the amount in controversy because such fees necessarily accrue until the action is resolved); *Fritsch v. Swift Transportation of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees … incurred after removal … when assessing whether the amount-in-controversy requirement is met."). Here, Plaintiff alleges a provision of the License provides for the payment of reasonable attorneys' fees and costs in the event of any action to enforce the provisions thereof. *Chavez*, 888 F.3d at 418. Given the complexity of the issues underlying the License and Defendant's possessory rights for the Premises, and in light of the valuation of the License for both Defendant and Plaintiff, the attorneys' fees will ensure that the amount in controversy exceeds $75,000.

## CONCLUSION

13. **THEREFORE**, Defendant removes the State Court Action from the Superior Court in Orange County, California, to the United States District Court for the Central District of California, Southern Division. In the event the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit additional argument or evidence in support of removal as may be necessary.

Dated: January 15, 2021

COOLEY LLP
William V. O'Connor (CA SBN 216650)


By: */s/William V. O'Connor*
William V. O'Connor

*Attorneys for Defendant Delux Public Charter, LLC, a Delaware limited liability company*

1

2

3

4

5

BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:   (949) 831-6611
Facsimile:    (949) 831-6622

6

7

8

9

CADDEN & FULLER LLP
Thomas H. Cadden (CA SBN 122299)
tcadden@caddenfuller.com
114 Pacifica, Suite 450
Irvine, CA 92618
Telephone:  (949) 416-0245
Facsimile:   (949) 450-0650

10

11

12

13

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, California  92121-1909
Telephone:      (858) 550-6000
Facsimile:      (858) 550-6420

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28